IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 3:03CR420-1–HEH |
| | ) | |
| PHILLIP JAZIR THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
(Jurisdiction over Supervised Release Violation)

This matter came before the Court on a Petition alleging violations of the Defendant's supervised release (ECF No. 273), filed on July 19, 2011, and an Addendum to that petition (ECF No. 325), filed on September 29, 2017. On January 26, 2018, Defendant filed a position statement, in which he challenged the Court's jurisdiction over the pending violations charges. (Position on Court Jurisdiction ("Def. Pos."), ECF No. 328.) At a hearing on January 29, 2018, the Court overruled Defendant's objections to jurisdiction from the bench. This Memorandum Opinion sets forth the Court's reasoning with more particularity.

Based on the record, the Petition on Supervised Release and its Addendum, and the evidence introduced at the January 29, 2018 hearing, the Court makes the following findings of fact.

On July 24, 2004, Defendant was sentenced in the underlying criminal case by the Honorable United States District Judge James R. Spencer, who fixed the period for Defendant's supervised release at five (5) years. Among the conditions of Defendant's

supervised release was the special condition that, if Defendant were deported following his release from Bureau of Prison ("BOP") custody, his supervision was to be "non-reporting," i.e., he would have no obligation to report to or check in with United States Probation Officers as long as he was outside of the country. Further, Defendant was not to re-enter the United States without the express permission of the United States Attorney General. However, if Defendant were to re-enter the United States within the period of his supervised release, he would then be required to report to a U.S. probation office within 72 hours of his arrival in this country.

On June 16, 2010, Defendant was released from BOP custody and transferred to the custody of Immigration and Customs Enforcement ("ICE"). His five-year term of supervised release began to run on that date. Defendant was subsequently deported from the United States on June 29, 2010. On April 16, 2011, while still bound by the conditions of his supervised release, Defendant was arrested in San Bernardino, California, and charged with Re-Entry After Deportation. ICE deported Defendant again on May 25, 2011, before this Court's Probation Office was able to arrange for his return to this district. On July 15, 2011, the Probation Officer assigned to Defendant's case filed the original Petition alleging violations of Defendant's supervised release, specifically: commission of a crime (Re-Entry After Deportation) and violation of the special condition that Defendant not re-enter the country without the express permission of the United States Attorney General. As a result of that Petition, Judge Spencer issued an arrest warrant for Defendant on July 19, 2011. This warrant remained outstanding until June of 2017, when Defendant was located and arrested in Florida.

In September of 2017, the Addendum to the Petition was filed, alleging that Defendant further violated the terms and conditions of his supervised release by illegally re-entering the country and by participating in a conspiracy to distribute and possess with the intent to distribute marijuana and a conspiracy to commit money laundering.

Defendant, relying primarily on cases from outside the Fourth Circuit, argues that the Court lacks jurisdiction to resolve the allegations in both the original Petition and the Addendum because Defendant's term of supervision expired in June of 2015, and no tolling provision or statute applies to extend the Court's authority over him. Defendant particularly opposes the application of the fugitive tolling doctrine and of 18 U.S.C. § 3583(i),[1] which in certain cases extends the Court's ability to revoke supervision and order a term of imprisonment even after the expiration of a period of supervised release. Because the Court finds that fugitive tolling indeed applies to Defendant's term of supervised release, it overrules Defendant's objection.

In *United States v. Buchanan*, the Fourth Circuit held that "a term of supervised release is tolled when a defendant absconds from supervision." 638 F.3d 448, 455 (4th Cir. 2011). In that case, the Court of Appeals considered and rejected one of the principal arguments that Defendant makes here: that Congress codified only one express tolling provision for the supervised release statute, 18 U.S.C. § 3624(e), and thereby foreclosed all other tolling theories in the context of supervised release. *Compare id.* at 456–57 (rejecting the exclusionary interpretation of 18 U.S.C. § 3624(e)), *with* Def. Pos.

---

[1] At the January 29, 2018 hearing, there was some confusion regarding the relevant subsection of 18 U.S.C. § 3583, stemming from the use of an outdated version of the Code. The Court clarifies here that 18 U.S.C. § 3583(i) is the proper subsection in dispute.

3

at 2–3 (suggesting on the basis of a pre-*Buchanan* First Circuit opinion that *Buchanan* was wrongly decided). This Court declines to depart from the Fourth Circuit, finding that *Buchanan*'s interpretation and application of the fugitive tolling doctrine controls in this case.

At the hearing on January 29, 2018, the United States presented evidence that, following his deportation in 2011, Defendant had returned to the United States by December of 2014, and potentially even by 2013.[2] This means that while the originally imposed term of supervision was still running, Defendant was in the country yet failing to report for supervision, in violation of the terms of his supervised release. The evidence made clear that Defendant was aware of those terms and conditions, given that he was present for their imposition at his sentencing hearing. Moreover, the evidence introduced regarding the numerous aliases Defendant used while in this country—including Dashawn Saunders, Derrick Miller, Jonathan Bellamy, and Aaron Carlton—is more than sufficient to support a finding that Defendant actively and consciously concealed himself to avoid detection, arrest, or prosecution for both his previous and continuing failure to abide by those conditions. Finally, there is no evidence that Defendant attempted to contact a federal probation officer at any time before his arrest.

As a result of the foregoing, the Court finds that Defendant willfully created the circumstances under which he was "absent from supervision" when the terms of his

---

[2] In December of 2014, Defendant—then living under the name Dashawn Saunders—was implicated by a defendant in a related case. The DEA began attempting to locate him at that time. However, bank records and cooperator statements obtained in relation to Defendant's more recent criminal charges potentially place Defendant in the United States as early as 2013.

4

release clearly dictated that he should be reporting to Probation.[3] Fugitive tolling is therefore available to "stop the clock" on Defendant's supervised release. *See Buchanan*, 638 F.3d at 457. The evidence is admittedly unclear as to the date Defendant first re-entered the country following his 2011 deportation, and so it is difficult to pinpoint the exact date that Defendant should be deemed to have absconded from supervised release.[4] *See id.* Nevertheless, the evidence is clear that Defendant was in the United States in a non-reporting status prior to the original expiration date of his supervised release. Tolling accordingly operates to extend the Court's jurisdiction over Defendant from at least December of 2014 through June of 2017, when federal law enforcement was finally able to locate and arrest him, and it continues still, as Defendant has not been returned to supervision at any point since his 2017 arrest. *Id.* ("[A Defendant's] supervised release 'clock' . . . resumes when federal authorities are capable of resuming supervision."). Because all the conditions of supervised release remain in effect during a period of tolling, *see id.* at 458, the Court finds that it has jurisdiction to adjudicate the violations alleged in the 2017 Addendum.

Having found that fugitive tolling applied to prevent the expiration of Defendant's supervised release, the Court further finds that its jurisdiction to adjudicate the original Petition similarly never expired. As a result, it need not address Defendant's arguments

---

[3] The reporting requirement of Defendant's supervised release is triggered by his presence in the country.

[4] To be clear, the Court is not considering any period that Defendant spent outside of the United States for purposes of fugitive tolling. Defendant's supervised release was designed to permit him to be in non-reporting status so long as he remained outside the country. It is only the period of willful non-compliance *inside* the United States and "aris[ing] from his own misconduct" that the Court considers. *See Buchanan*, 638 F.3d at 457. Accordingly, although the issuance and long pendency of the 2011 warrant support finding that fugitive tolling applies, the issuance of the warrant alone did not stop the clock on Defendant's supervised release.

regarding 18 U.S.C. § 3583(i), because the statute only applies to extend a court's jurisdiction after a period of supervision has in fact expired.[5]

For the reasons discussed above, the Court had jurisdiction to hear and adjudicate the allegations in both the original Petition and the 2017 Addendum. Accordingly, Defendant's objections to jurisdiction are overruled.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to all counsel of record.

/s/
Henry E. Hudson
United States District Judge

Date: Feb. 14 2018
Richmond, Virginia

---

[5] "In 1994, Congress enacted § 3583(i) . . . to 'make explicit the authority of courts to revoke supervised release after expiration of the release term.'" *Buchanan*, 638 F.3d at 457 (quoting *United States v. Janvier*, 599 F.3d 264, 266 (2d Cir. 2010)).